**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                      :
PAULA GREEN,                          :    CIVIL ACTION NO. 09-3584 (MLC)
                                      :
     Plaintiff,                       :    MEMORANDUM OPINION
                                      :
     v.                               :
                                      :
EQUIFAX INFORMATION, LLC,             :
                                      :
     Defendant.                       :
                                      :
```

**THE PLAINTIFF**, Paula Green ("Green"), brought this action against the defendant, Equifax Information, LLC ("EILLC"), on July 21, 2009, to recover damages for breach of contract, and asserts jurisdiction under 28 U.S.C. § ("Section") 1332. (Dkt. entry no. 1, Compl.) The Court will sua sponte dismiss the Complaint without prejudice. See Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction is lacking).

**GREEN** alleges that EILLC "is a corporation with its principal place of business in . . . Georgia". (Compl. at 2.) But it appears that EILLC is a limited liability company. Green thus has provided allegations as to EILLC's citizenship that are "meaningless". Preferred Merch. Hood, LLC v. Fam. Dollar, Inc., No. 06-67, 2006 WL 1134915, at *1 (D.N.H. Apr. 25, 2006); see Brown v. Walker, No. 06-218, 2008 WL 189570, at *4 (N.D. Ind. Jan. 22, 2008) (stating such allegation "says nothing" about party's citizenship). Limited liability companies are (1) unincorporated associations, and (2) deemed to be citizens of each state in

which their members are citizens, not the states in which they were formed or have their principal places of business. <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 195-97 (1990); <u>Swiger v. Allegheny Energy, Inc.</u>, 540 F.3d 179, 182 (3d Cir. 2008). The citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship. <u>Hart v. Terminex Int'l</u>, 336 F.3d 541, 543 (7th Cir. 2003).

**GREEN** has failed to properly assert EILLC's citizenship, and thus has failed to show that she is deemed to be a citizen of a different state in relation to EILLC. <u>See</u> 28 U.S.C. § 1332(a)(1). The Court will dismiss the Complaint, but will do so without prejudice to Green to either — within thirty days — (1) recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint, <u>see</u> <u>Jaworowski v. Ciasulli</u>, 490 F.3d 331, 333-36 (3d Cir. 2007); <u>Galligan v. Westfield Ctr. Serv., Inc.</u>, 82 N.J. 188, 191-95 (1980), or (2) move in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court, with documentation properly demonstrating the citizenship of the parties. If Green opts to move to reopen, then she does so at her own peril, as the Court will not further extend the thirty-day period to proceed in state court.

**GREEN** is advised — if she opts to move to reopen — that jurisdiction is measured "against the state of facts that existed

at the time of filing". Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571 (2004). Thus, Green must properly demonstrate (1) EILLC's citizenship as it existed specifically on July 21, 2009, i.e., list and analyze each member within EILLC, including non-managing and non-individual members, and provide supporting documentation and affidavits from those with knowledge of EILLC's structure, and (2) that there is jurisdiction under Section 1332. Green is further advised that she must specifically assert citizenship as it existed on July 21, 2009.

**GREEN**, if moving to reopen, must not restate the allegations from the Complaint. Also, a response as to where any member or party resides, is licensed, or has a place of business — as opposed to is a citizen or is domiciled — will not properly invoke the Court's jurisdiction. See Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008); Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970). A response based upon information and belief or an assertion that is not specific (e.g., citizen of "a state other than New Jersey") will be unacceptable. See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship is to be alleged "affirmatively and distinctly"); Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties"). As Green is represented

by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity". CGB Occ. Therapy, Inc. v. RHA Health Servs. Inc., 357 F.3d 375, 382 n.6 (3d Cir. 2004).[1]

**THE COURT** will issue an appropriate order and judgment.

                              s/ Mary L. Cooper  
                              **MARY L. COOPER**  
                              United States District Judge

Dated:  July 23, 2009

---

[1] Green, if moving to reopen, should also substantiate that venue is proper here.